**ORIGINAL**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-787V
Filed: October 30, 2015
Not to be Published

**FILED**
OCT 3 0 2015
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CHRISTINA NOLEN for NICHOLAS NOLEN, | |
| Petitioner, | Petitioner's motion to dismiss granted; numerous vaccinations; Asperger's disorder; statute of limitations expired |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Christina Nolen, Louisa, VA, for petitioner (pro se).
Camille M. Collett, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On July 27, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that numerous vaccines had caused her son Nicholas to have Asperger's syndrome. She states in the petition that "it wasn't until he started getting vaccinated that we started having illnesses after illnesses as well as a follow up diagnos[i]s with Asperger's." (Because petitioner did not put page numbers on the petition or her accompanying exhibits, references to the petition and to the exhibits will be without notation.)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

On October 29, 2015, the undersigned held the first status conference, which was recorded, with petitioner and respondent's counsel. During this conference, the undersigned asked if petitioner meant that all the vaccinations Nicholas has received before he was diagnosed with Asperger's had caused his Asperger's. Petitioner replied in the affirmative. The undersigned then informed petitioner that the Vaccine Act has a statute of limitations of three years which means that petitioner was required to file her petition within three years of the onset of the condition which she alleged the vaccines caused. Since Nicholas was diagnosed with Asperger's on February 15, 2011, but she filed the petition on July 27, 2015, petitioner exceeded the three-year statute of limitations by at least 17 months. (Presumably, Nicholas had the first sign or symptom of Aspergers before February 15, 2011, the date of his diagnosis, but that earlier date is not reflected in the records that petitioner filed with her petition.) The undersigned asked petitioner if she was willing to move to dismiss and she replied she was. The undersigned also informed petitioner that when judgment enters on the undersigned's decision, if petitioner wants to file a civil suit against someone, she can file an election to sue civilly. See 42 U.S.C. § 300aa-21(a)(2). The undersigned grants petitioner's motion and dismisses this case.

## DISCUSSION

Under the Vaccine Act, 42 U.S.C. § 300aa-16(a)(2), a petitioner may not file a petition "after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset . . ." of a condition petitioner alleges that a vaccine or vaccines caused. Here, petitioner waited until more than three years after Nicholas's Asperger's was diagnosed. The statute of limitations has run and petitioner's petition must be dismissed.

The undersigned **GRANTS** petitioner's motion to dismiss and **DISMISSES** this case for petitioner's failure to file her petition within the three-year statute of limitations.

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: October 30, 2015

*Laura D. Millman*
Laura D. Millman
Special Master

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.